Case number 241356 Thomas Baltrusaitis et al. v. UAW et al. Oral argument not to exceed 15 minutes per side. Mr. Levi, you may proceed for the appellants. May it please the court, I'm Robert Levy. I represent Mr. Baltrusaitis and the other 38 plaintiffs. I've reserved three minutes for rebuttal. Fine. I think that if the state court complaint had simply said, FCA paid bribes to certain high level UAW officials, the UAW officials accepted the bribes, and the UAW officials owed fiduciary duties to the plaintiffs as UAW members, I probably wouldn't be here today because I think the law is clear enough from the Court of Claims case, and the Seventh Circuit case, that giving a bribe violates not just labor laws, it violates the basic rules of our society. And that when someone gives a bribe and the other person with a fiduciary duty accepts the bribes, in contrary to their fiduciary duty to their principles, which are my clients. That even if it's unlikely or impossible to specify the exact amount of monetary damages to the plaintiffs, that at a minimum, the damages are the amount of the bribes. What would be the tort, or what would be the cause of action in that scenario? The cause of action under Michigan State law would be breach of fiduciary duty. And where does the duty come from? In other words, does the duty come from the collective bargaining agreement, or does the duty come from somewhere else? The duty comes from the duty of UAW to faithfully represent its members. But doesn't that come out of the collective bargaining agreement itself? In other words, don't you have to have an independent Michigan law duty to get around 301 preemption? Well, I mean, it could just as well have been brought under federal law as the Court of Claims case was, because there's not only the Michigan criminal statute... I'm sorry to interrupt you, but you agree that if you brought a duty of fair representation, or a federal, whatever, equivalent duty of breach of fiduciary duty, it would come under the auspices of Section 301? No, because the duty of fair representation is a judicially created duty. It doesn't come under 301. And claims for that judicially created... And how do you deal with Maynard? The appellee cites it in their brief. It's a Sixth Circuit case. I'm not familiar with it. But, you know, those type of judicially created duties, if you breach them, they're not preempted. So... Even if they involve interpretation of the collective bargaining agreement? But this does not. Because what the Court of Claims decision says is that you've got a criminal statute, in this case a state criminal statute, that makes it illegal for a person to give a bribe to an agent for the purpose of influencing that agent's behavior in relationship to that agent's principle. Principle being the UAW members. And it also criminalizes the UAW officials for accepting the bribe. And what the case says is that that criminal statute just sets the standard of conduct. It's not necessary that Michigan have recognized a civil action under that criminal statute. Because the criminal statute just states the code of conduct. You can't give a bribe, you can't take a bribe. Then we've got a state cause of action for breach of fiduciary duty. Which the duty arises under the judicially created duty of fair representation. The damages, you don't have to look to the collective bargaining agreement to determine whether giving a bribe is illegal. The state statute does that. So you don't need the collective bargaining agreement to tell you what the defendants did was illegal. And you don't need the collective bargaining agreement to measure the damages because the court of a claims case says the damages are equal to the amount of the bribes. So you've got a situation where both prongs of the Sixth Circuit case for preemption are not, neither one is satisfied. You don't have to interpret the collective bargaining agreement. And the claim arises under state law. When you say the damages are the amount of the bribes, I thought this was a huge bribery situation. As opposed to being targeted a bribe for a particular result vis-a-vis a particular individual engineer who didn't want to be transferred to the other location. Okay, so the complaint, if you look at the complaint, we've got paragraph 22 to paragraph 45 just sets out the basic background facts. And does it mention grievances and collective bargaining agreements? Yes, because that's part of the facts that led up to this before my clients knew about the bribes. But if you look at the facts that support the claims, you've got paragraph 48 to 127. That's 23 of the 39 pages that set out the facts supporting the claim deal purely with the bribery. Who paid the bribes? What were they given for? They admitted guilt in federal court in a criminal case, so we don't have to prove that they committed the bribery, that they gave the bribes, received the bribes. But I thought the bribes were a much bigger scheme as opposed to... They were a bigger scheme. They were a bigger scheme. They were. So, but my clients... Your clients are claiming, please correct me if I'm wrong, but your clients are claiming that they were forced to transfer to another location, which they didn't want to do because the UAW officials were accepting bribes from the company. That's part of it. But the major part of the complaint just talks about the bribes and that the bribes were illegal. If you look at the UAW's brief before this court, the UAW admits and says on page 24, the argument sections of plaintiff's brief hardly even mentions the grievances defendants filed and that the UAW allegedly mishandled. That's right because the major part of the complaint is the bribes. So what I'm saying is when the trial court said that the heart of the complaint is the grievances that they weren't pursued properly, I don't think that's true. If you just look at the complaint itself, most of it is about the bribes. So even if the court were to say, well, the claims that these specific plaintiffs were done wrong by the bribes because the bribe influenced their union representatives to kind of throw in the towel and not represent them properly on specific issues related to their grievances, even if the court says that's preempted, it shouldn't preempt the entire complaint. But apart from their complaint that they were wrongfully transferred in violation of the CBA, etc., what gives them standing to complain about bribes that the company paid to the UAW officials? They have the same standing that the United States had in the court of claims case. In that case, the mortgage company paid bribes to members of the FHA and the VA to overlook certain requirements, appraisals and so forth, to give them mortgage insurance for the mortgages they were going to issue. And the United States had standing because not only to sue the mortgage company but its own employees because the employees owed a fiduciary duty to the United States, which they broke. Here we have, instead of the mortgage company paying bribes, we have FCA or Chrysler, and they're not paying them to the employees of the FHA or VA, they're paying them to the employees of the UAW. And my clients were the principals for which the UAW were agents and had a fiduciary duty. So that's how they have standing. But doesn't that relationship stem from the CBA or not? It stems from the judicially created duty of fair representation, which those type of claims are not preempted because they existed before Section 301. And so what is your best case that you would have us rely on for this? Continental Mortgage, Inc. v. United States, 527- I didn't hear the first part of that. Could you speak up a little bit? Sure. Continental Mortgage v. United States, 527-F2-613, a 1975 case, and the case of S.C. Johnson v. Transportation Corporation of America, 697-F3-544, a Seventh Circuit Court of Appeals case, 2012. So the argument is that under Decaux, there would be complete preemption here. How do you deal with that? Well, I think the judge has discretion to either break it up and say only certain claims are preempted and these aren't, or to preempt the entire cause of action. And I think in this case, the judge's reasoning of why the judge felt that the argument I'm making did not have merit because it still involved interpreting the collective bargaining agreement. And for the reasons I've stated, that's simply not true because the bribes are illegal under state law and the claims arise under state law. It doesn't take a collective bargaining agreement to understand that bribes were given and were accepted, the personal defendants accepted responsibility in federal criminal court, and the case law says that the amount of the bribes is the amount of damages. Thank you. Good morning, and may it please the Court. My name is Jacob Karabell, and I represent the UAW. The only issue on appeal is whether Judge Friedman correctly concluded below that plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act, such that those claims in fact arise under federal law rather than state law. And that decision was correct, and as this Court identified in questioning my friend on the other side, this Court has articulated this two-part test in Decaux, whether a claim requires interpretation of the collective bargaining agreement or whether the claim is founded on a right in the collective bargaining agreement. And we believe that both prongs are clearly satisfied here, and I'd like to start with prong one, and then I will move to the second prong of Decaux. So prong one is whether the resolving plaintiff's claims require interpretation of the collective bargaining agreement, and the answer, as the Court held below, is a resounding yes. And I think it's... Can I ask you about the fraud claim? Because in their complaint, they say the representatives made representations to them, and that resulted in the fraud. In other words, they lied to them, and then why does that require interpretation of the collective bargaining agreement? I mean, the complaint says here are the statements they made, and those statements were fraudulent. So I think it's important to focus on what statements are alleged in the complaint. In certain places, it's a little vague or maybe more than a little vague. Paragraph 96, I think, is important here, and that's one where the plaintiffs allege that UAW told the plaintiffs that their grievances were dismissed for lack of merit rather than for other reasons. And, of course, whether the plaintiffs' grievances had merit or not necessarily turns on whether the collective bargaining agreement was violated. That is the sine qua non of the grievance process. There needs to be a contractual violation for the grievance to succeed. I would also... But they said they were advocating for them and that they were dismissed for that reason, and the plaintiffs are claiming, no, they lied when they said that, right? And so why is it relevant as to the second part? So I think that if you read the complaint as a whole, they're alleging that the misrepresentations are really broader than that and specifically pertain to the merits of the grievances. I would also note that one of the elements of a fraud claim, as with any tort claim... Had they... I'm sorry to interrupt you, but had they alleged it without the merits, in other words, just said you said you were advocating on our behalf and you weren't, and as a result of that, I guess the second part becomes difficult. We suffered harm. You're going to say the second part requires interpretation of the collective bargaining agreement to determine the harm, I suppose. I would say that, Judge Thapar, and this Court's decision in Adkins is on point for that where you need to look to a collective bargaining agreement to determine whether the plaintiffs were, in fact, harmed there. There was one collective bargaining agreement, and the claim was that the union acted wrongfully in sort of signing away the plaintiffs' rights in a second collective bargaining agreement. This Court held that that claim was completely preempted because you had to interpret that first collective bargaining agreement to determine whether the plaintiffs were harmed at all. But here, in terms of the oral argument today, your opponent is arguing that we don't need to look at the CBA because they're just harmed by virtue of the breach of fiduciary duty or by virtue of the fraud. My friend did make that argument. The complaint, though, does not plead a cause of action for bribery, and that's for good reason because there's none available. There's a Michigan criminal statute that cited 750.125. There's no claim under that. That's because there's no private right of action, and similarly there's no private right of action for bribery under Section 302 of the LMRA as this Court held in Ohlendorf. So the plaintiff seemed to acknowledge that when they pleaded the complaint. They brought these fraud and breach of fiduciary duty claims, and those claims, almost every paragraph is talking about the grievance process and UAW's supposed mishandling of the grievance process. It's not a passing reference. If the breach of fiduciary duty, the duty came independently from state law, would that survive 301 preemption? I don't think so, Your Honor, and this goes to the second prong of the DeCote test, which is whether the right that's being sued on is one that's created by the collective bargaining agreement, and this Court has held repeatedly. You referenced the Maynard case, also in the Fox case a few years later, and then the Glass-Mulders case that we cite in our brief, that when you have state law claims that sound in the duty of fair representation relating to the grievance process in a collective bargaining agreement, then those claims are completely preempted because the right that's being sued upon emanates from the collective bargaining agreement. The Supreme Court's decision in the Steelworkers v. Rawson case is also on point in that respect. That was a negligence claim pleaded under state law arising from a very tragic mining accident in Ohio. The Supreme Court held that that claim was preempted by Section 301 because if the union had a duty, that duty must have emanated from the collective bargaining agreement with respect to its safety responsibilities at the mine. But that's my point. If the duties independently come from state law, why would that? And it's a breach of fiduciary duty versus fair representation. Why would that be preempted? Well, here the duties that are alleged don't come. No, I'm asking a hypothetical. I get it. So I don't mean to fight the hypothetical too much, Your Honor, but this is exactly why the Supreme Court has held these sorts of claims preempted. If you had different states that could sort of attach different representational duties to unions and representing their members, that would contravene labor policy and really put unions in a very dangerous situation. So you're saying even if the state imposed independent duties that had nothing to do with the collective bargaining agreement, those would be preempted? If it's a duty that's owed to every member of society, like, for example, a duty not to discriminate, like, you know, the state equivalent to Title VII, those would not be preempted. But when it's a representational duty, then it would be preempted under this Court's case law, yes. So could a state have a law that an association has a duty to its members of a fiduciary nature that's independent of the collective bargaining arena? I think, Judge Moore, if that governed a union's representational responsibilities, as opposed to sort of other fiduciary responsibilities like safeguarding of dues, for example, but if it pertained to representational responsibilities, that claim would be preempted by Section 301. And that's because, you know, under federal labor law, unions have a, you know, a wealth of responsibilities, for example, when to prosecute grievances, when to settle them. You know, if states would come in and impose different duties on a union, that would, again, as I said, contravene federal labor policy. I see my time is up, and my fellow appellee will also speak to these issues. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Brian Schwartz on behalf of Defendant Appellee, FCA, U.S. LLC. I know there were talks about lots of kind of various hypotheticals and discussion about what my complaint might have been. And if it said this, maybe we weren't going to be here. But, you know, you can't amend on appeal, and they've had about several different opportunities to try to plead plausible claims. What they did is they spent, they drafted a very long complaint, and it had lots of detail that they pulled from their prior complaint, which was dismissed and affirmed. And they have two state law claims that really focus on the collective bargaining relationship and require an interpretation of the CBA, and they derived themselves from the CBA. Here you have a situation where FCA exercised a contractual right to transfer employees from one location to another. Plaintiffs disagreed with it. They filed grievances over it. They don't like the way the UAW handled it. Throughout both their brief on appeal and even in their complaint, they talk about, you know, the importance of their grievances, reflecting a belief that they thought FCA violated the collective bargaining agreement by implementing the transfer operations. And, you know, their basis of their claims is the UAW's failure to fairly represent them in connection with that. Their claims are dependent on the merits of the grievance and also the existence of the grievance procedure itself. So there's really no way to escape either step of the code. You know, you kind of jump right into both of them, and this claim fails the preemption or meets the preemption test right away. And, you know, both the merits of the grievance and the grievance process depend on the terms of the CBA. You know, for those reasons, we believe that those claims, Judge Friedman correctly found that the claims were preempted. Just getting into kind of without trying to repeat what Brother Counsel stated, you know, here the claims believe that claims are preempted because they cannot prove all the elements of the claims without the contract interpretation. So for the fiduciary breach claim, you know, it's based off of, I thought you should have fought for me to kind of win this grievance and somehow prevent the transfer of operations. But the only way you could actually ever prove harm from that is if plaintiffs could have, if the UAW could have stopped that. And, A, you'd have to interpret, you know, there's the collective bargaining agreement in the record. The only way you'd be able to determine whether FCA had the right, the contractual right to do so, is to interpret the collective bargaining agreement. So I don't think you can escape that. So I think Judge Friedman was correct when he said, you know, the plaintiff's assertion that the transfer was problematic relies entirely on the collective bargaining agreement. Without any agreement restricting a transfer, plaintiffs would have no ground upon which to object to it, as companies are generally free to transfer for any reason. And if plaintiffs, you know, can't establish causation for their fiduciary breach claim, you know, then kind of their focus on all these bribes and kind of the background is really irrelevant. I view a large portion of their complaint, yes, it's long, but most of it is really agnostic to the preemption analysis. The preemption analysis where they kind of stepped into it and kind of plugged themselves right into the preemption is by tying their claim to the collective bargaining agreement, to a grievance process that drives itself from the collective bargaining agreement. There's really no way to escape the relationship here. So if there weren't a collective bargaining agreement and FCA was transferring them because bribes were paid, would that kind of a case involve labor preemption? So if there was, say these were all non-union employees, and I don't think you're not interpreting a collective bargaining agreement, I think you've probably found the one automaker that doesn't have any unions. We're in a big hypothetical. I think my counsel was correct in citing kind of the Rawson case. Before oral argument we were kind of talking about that case. I mean these are not situations where the rights that plaintiffs are citing in their complaints are ones that apply to everyone in the country. The only reason why they're going after the UAW is because they're asserting rights under the collective bargaining agreement. So as the court said there, if the union failed to perform the duty, it was a duty arising out of the collective bargaining agreement as the bargaining agent for the minors in that case. And kind of focusing on the fiduciary breach claim, but the fraud claim kind of fails for the similar reasons. There's lots of overlap, and that's probably why plaintiffs don't really differentiate between them on appeal. They kind of rise them all up and they all fall altogether. And Judge DePore, I know you had asked it about the fraud. Why is the fraud claim preempted, and how does that implicate the collective bargaining agreement? I think although this is really a focus on a claim against the UAW, or both the main claims are against the UAW, there's two reasons. One, the fraud is about the grievance process itself. It's fraud in the processing of the grievance and statements that were made related to the processing of the grievance. And if you're going to investigate whether the grievances were processed correctly, again, you're looking at the collective bargaining agreement. But then you're also looking at the harm here. I mean, the plaintiffs claim they're harmed from it, and the only way you can determine harm is also by determining the merits of the grievance. And kind of one last point is with damages. They make the statement that damages are just the amount of the bribe. If you actually look at their complaint, you talk about damages being the result of a transfer, lost wages, benefits. They have all these things. They go back to the contract again. So your opponent here mentioned a couple cases, continental mortgage versus U.S.S.D. Johnson. Do you have any argument vis-a-vis those cases? Yes. So the simple fact that both of those, for an overarching reason, both of those cases I don't believe apply, or neither one of them are Section 301 preemption cases. That makes it pretty easy to begin with. The continental one was dealt with the U.S. and what harm the U.S. needs to prove for a bribery claim is going to be completely different than what a plaintiff needs to prove in a fraud claim. The S.C. Johnson claim as well, that was, I think, a state-involved, a state criminal law. So there was a slight preemption analysis there, but it involved preemption under, and I didn't write down what that statute is, but I know it's not 301. I see I'm almost out of time. Thank you very much, and we request that the Court affirm. Thank you. First of all, as I've stated before, it's not necessary for the state criminal statute to have given rise to a private cause of action because the cause of action is under common law, under Michigan common law for breach of fiduciary duty, and that's the same situation in the Continental Mortgage Company. The Court said that they were recognizing a duty to not give and not take bribes under federal common law. In the S.C. Johnson case, which involved an employment situation where a trucking company was giving bribes to the manager of the plaintiff's business that needed trucking companies to deliver a product, and the bribes were given so that the trucking companies would get favorable treatment. In that case, the Seventh Circuit said that bribery statutes set the basic rules for society. So opposing counsel has stated rules that set the basic rules of society, like anti-discrimination, are not subject to preemption. Well, we have a prime example in the anti-bribery statutes, and the S.C. Johnson case said enforcement of anti-bribery laws is too tenuous related to the regulation of rates, routes, and services in the trucking industry. Yes, this is the trucking industry. It's not labor law. But the principle is easily transference. Not only, I mean, a bribery situation is a lot different than the normal bargaining situation. This is an overarching influence over everything that happened in this case. And the law says that even if a cause of action under state law involves the interpretation of a collective bargaining agreement, that if it's not inextricably intertwined with the collective bargaining agreement, then it's not subject to preemption. And it also says that if an independent state cause of action, like bribery, is infused in everything, all the facts of the case, then it's not preempted. And that's the situation here. Everything that happened happened in the backdrop of these bribes. My understanding of the law was that when you file a motion for remand after a case has been removed, that the remand is tested by your original complaint. So I really didn't have an opportunity to amend my complaint. But this court, if it chooses, can order that the case be remanded to state court on not every claim in the complaint. And, Judge Thapar, I'd like to follow up on your question. The fraud complaint involves two parts, silent fraud and positive fraud. And paragraphs 133 to 140, the silent fraud was not telling the plaintiffs about the bribery scheme. So it had nothing to do with the collective bargaining agreement. So at least the silent fraud claim should survive. Thank you. Thank you all for the argument. The case will be submitted.